IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SE PROPERTY HOLDINGS, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 13-610-CG-N |
| | ) |
| **ZLM ACQUISITIONS, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for partial summary judgment against Defendants Thomas P. Steber, Jr. and Maurice J. Fitzsimons on Counts III and IV of the Complaint (Doc. 71), and the joint settlement report (Doc. 82). The parties report that Plaintiff and Defendant Steber have finalized and executed settlement documents regarding the claims against Steber and that they will file additional documents with the Court this week in regards to the disposition of the claims. However, the parties have been unable to settle the claims against Defendant Fitzsimons. After review of the pleadings and in light of the fact that Defendant Fitzsimons has failed to oppose summary judgment, the court finds that Plaintiff's motion for summary judgment is due to be granted as to Fitzsimons.

### FACTS

Plaintiff SE Property Holdings, LLC filed this action asserting breach of contract claims against each Defendant. (Doc. 1). On July 7, 2015, Plaintiff moved for partial summary judgment asserting that it is undisputed that Defendants ZLM

Acquisitions, LLC and Zeke's Landing Marina, LLC have failed to repay a loan which was guaranteed by Defendants Thomas P. Steber, Jr. and Maurice J. Fitzsimons. Plaintiff contends that there is also no dispute that Steber and Fitzsimons are in breach of their guaranty agreements. Under the guaranty agreements, executed on June 28, 2007, Steber and Fitzsimons "jointly and severally, unconditionally and absolutely guarantee[d] the due and punctual payment of all sums due under the Loan, the interest thereon any other moneys due or which may become due thereunder…." (Docs. 73-4, 73-5). As of July 30, 2015, the total amount allegedly due on the Loan after application of all due and proper payments and credits was $10,740,228.41. (Doc. 73-13). The Guaranty Agreements limited Fitzsimons' liability to $2,132,800.00. (Doc. 73-4). All indebtedness on the loan is alleged to be presently due and owing from Fistzsimons.

Any party opposing the motion for partial summary judgment was ordered to file a response in opposition on or before August 21, 2015. (Doc. 76). The Court granted Defendants Fitzsimons and Steber an extension until August 31 to file their opposition. (Doc. 79). Neither Steber nor Fitzsimons filed any opposition to the motion for partial summary judgment. On September 11, 2015, the Court noted that the motion for partial summary judgment was ripe but that the parties had reported that Plaintiff had settled in principle with Steber, but had not yet reached a settlement with Fitzsimons. The Court ordered the parties to notify the court by September 25, 2015 of the status of the claims against Steber and Fitzsimons. (Doc. 81, p. 1). The Court also stated that "[i]f no notice is filed with the Court by

September 25, 2015, then the Court will proceed to rule on the pending motion for partial summary judgment. (Doc. 81, pp. 1-2).  On September 28, 2015, the parties filed a joint settlement report stating that Plaintiff and Defendant Steber have finalized and executed all requisite documents to memorialize the resolution of Plaintiff's claims against Steber and that they will file additional documents with the Court this week in regards to the disposition of the claims. (Doc. 82, pp. 1-2). The parties however state that they have not reached a settlement with Fitzsimons and that "[f]urther efforts are not likely to be beneficial in reaching a resolution of these claims." (Doc. 82, p. 1).  To date, Fitzsimons has still filed no opposition to the motion for partial summary judgment.

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e) "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

In the instant case, Plaintiff has properly alleged and supported claims for breach of contract against Defendant Fitzsimons. Fitzsimons has not opposed Plaintiff's motion for summary judgment. "In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds

alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to Plaintiff's motion, the Court, after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment against Defendant Maurice J. Fitzsimons on Count IV of the Complaint. (Doc. 71), is **GRANTED.**

Pursuant to FED. R. CIV. P. 54(b), the Court further finds that there is no just reason for delay. Therefore, Final Judgment against Fitzsimons in the amount of $2,132,800.00 will be entered by separate order.

**DONE and ORDERED** this 29th day of September, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE